CASE 84.—ACTION BY C. F. GARNETT AND OTHERS AGAINST
H. F. DUNN AND ANOTHER TO RECOVER LAND.—
October 13.

# Dunn, &c., v. Garnett, &c.

Appeal from Barren Circuit Court.

S. E. JONES, Circuit Judge.

Judgment for plaintiffs, defendants appeal — Affirmed.

1. Marriage—Proof—Requisites.—Proof of a marriage occurring over 50 years ago, especially as between slaves, need not be as strong as is required to establish more recent marriages.
2. Same—Evidence—Declarations.—Declarations of persons who knew the parties are admissible to establish a marriage between slaves before the Civil War.
3. Bastards — Evidence — Presumption of Legitimacy.—The law presumes one's legitimacy.
4. Ejectment—Right to Recover.—No question as to decedent's title to land sued for being raised, and there being no effort to show that he left children other than plaintiffs, his wife being dead, or that he disposed of the property, plaintiffs are entitled to recover from those claiming under a tax sale.

PORTER & SANDIDGE for appellants.

1. It is shown by the record that appellees are children of Eva a slave, born during slavery, and claiming Jordan Garnett to be their father, and the burden is upon them to show that they are the "issue of a customary marriage of negroes Eva and Jordan" before they shall be held to be legitimate, in order to enable them to inherit from Jordan, their putative father.

2. We insist that the evidence fails to disclose a marriage or such recognition by them as husband and wife, to authorize a recovery by plaintiffs of land owned by Jordan Garnett at the

time of his death.  (Botts v. Botts, 108 Ky., 418; Brown v. McGee, &c., 12 Bush, 432.)

HARLIN & WHITE for appellees.

SUBJECTS DISCUSSED AND AUTHORITIES CITED.

1. Marriages may be proven by hearsay evidence.  (Cozier v. Gans and Wife, 1 Bibb, 357; Stover v. Boswell Heirs, 3 Dana, 232; Taylor and Tisdale v.  Shemwell, 4 B. Mon., 575; Kuhl v. Knauer, 7 B. Mon., 130; Birney v. Hann, 3 A. K. M., 322; Chiles v. Drake, 2 Met., 146; Chancellor v. Milly, 9 Dana, 22; Boots v. Boots, 22 Ky. Law Rep., 212.)

2. The law presumes marriage.  Dannelli v. Danelli, 4 Bush, 51; Strode v. Magowan, Heirs, 2 Bush, 621; Boots v. Boots, 22 Ky. Law Rep., 212; Talbott v. Owen, 29 Ky. Law Rep., 550.)

OPINION OF THE COURT BY JUDGE HOBSON—Affirming.

Jordan Garnett died about 20 years ago, a resident of Barren county, the owner of a lot in Glasgow, Ky., on which he resided.  After his death, his wife, Ann Garnett, lived on the lot.  She died a few years ago. After her death, the appellees, C. F. Garnett and his two sisters, claiming that they were the children and heirs at law of Jordan Garnett, brought this suit to recover the land from H. F. Dunn and Edmonia Dunn, who had claimed the property under a tax sale, made while it was in the possession of Ann Garnett, and had taken possession of it.  The circuit court entered a judgment in favor of the plaintiffs, and the defendants appeal.

The plaintiffs' case rests upon the ground that they are the children of Jordan Garnett by his first wife, Eva, born while he and Eva were both slaves, and when they had been married after the manner customary among slaves at that day.  The proof shows that Jordan Garnett at the time belonged to Robert

Garnett, and that Eva belonged to Ambrose McDaniels, that she died before the war, and that the plaintiffs were the children of Jordan Garnett by her. There is no express proof of the marriage; but the proof is that, among those who knew them, they were reputed as husband and wife, and these people told this to the witnesses who testified in the case. The proof shows that, after the children were freed, one of them lived with her father and his second wife; and that Ann, after her husband's death, said that the property would go to these children after her death. It is earnestly insisted that this proof is not sufficient to make out the plaintiff's case. But it is now nearly 50 years since the war began, and it is perhaps over 50 years since Eva Garnett died. Proof of a marriage as far back as that must necessarily be less than one in later times, especially a marriage among slaves. It has been uniformly held by this court that a liberal construction should be given the act of 1866, making valid customary marriages between negroes, and we have sustained the admissibility of hearsay evidence in matters of pedigree in a number of cases. After a great length of time, the declarations of those who knew the parties are necessarily admitted in cases of this sort. Birney v. Hann, 3 A. K. Marsh. 322, 13 Am. Dec. 167; Chiles v. Drake, 2 Metc. 146, 74 Am. Dec. 406; Talbott v. Owen, 93 S. W. 658, 29 Ky. Law Rep. 550. The law presumes legitimacy, and the proof here sustains the legal presumption. Dannelli v. Dannelli, 4 Bush, 51; Botts v. Botts, 108 Ky. 414, 56 S. W. 677, 961, 22 Ky. Law Rep. 109. No question is raised as to the title of Jordan Garnett to the property, and there is no effort to show that he left any other children, or that he disposed of the property.

We therefore conclude that the court properly adjudged the plaintiffs entitled to it.

Some complaint is made that the court did not adjudge to the defendants as large an amount as it should have adjudged them on account of the taxes they had paid on the land and a lien for an assessment made by the city of Glasgow on account of an improvement of the street in front of it. But upon an inspection of the whole record we cannot say that there was any substantial error of the court in these matters. The record does not show that the city of Glasgow had a lien upon the property—that is, the record is not sufficient to show the creation of a lien—and so far as the record shows anything, it would appear to have been only a claim against the life tenant, Ann Garnett.

Judgment affirmed.